UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────

JOSEPH SANTANIELLO,

               Plaintiff,

            -against-

T-MOBILE and SHANNA GIANCHIGLIA,

               Defendants.
───────────────────────────────────────────

ECF CASE

No: 12 CV 5273 (PGG) (JLC)

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants T-Mobile USA, Inc. ("T-Mobile") and Shanna Gianchiglia (collectively "Defendants") respectfully submit this Reply Memorandum of Law in further support of their Motion to Dismiss.

### PRELIMINARY STATEMENT

Plaintiff's opposition memorandum ("Opp.") relies on irrelevant New York civil practice law rather than the law under Rule 12(b)(6), and is rife with meaningless, extraneous arguments (such as the views of his "test juror neighbor") rather than a discussion of applicable law. (Opp. at 6) As set forth in Defendants' opening Memorandum ("Defs. Mem."), and as his Opposition now confirms, Plaintiff's claim must be dismissed because of his failure to identify any actionable defamatory statement. Stated simply, Plaintiff has not argued that the statements made by Defendant Gianchiglia were untrue or outside the scope of the judicial proceeding in which they were made. Nor should Plaintiff be permitted, as he now appears to be requesting, to effectively amend his Complaint to assert a claim for negligence.

As such, this action should be dismissed in its entirety with prejudice.

1

**ARGUMENT**

Plaintiff is asserting a claim of libel against Defendants based on the trial testimony of Ms. Gianchiglia.  (Complaint ¶ 7)  In bringing this claim, Plaintiff admits that he is aware both that Ms. Gianchiglia's testimony was subject to "absolute privilege" under New York law, and that the absolute privilege is "liberally construed." (Opp. at 2)  Plaintiff also does not dispute that defamation claims based on privileged statements are regularly dismissed under Rule 12(b)(6). (*Id.*)

These concessions are sufficient to decide the case in Defendants' favor.  Plaintiff, however, makes two arguments in an effort to avoid dismissal:  that the absolute privilege does not apply to Ms. Gianchiglia's statements; and that he has properly pled a negligence claim based on Ms. Gianchiglia's failure to conduct an investigation into the alleged theft.  (Opp. at 5-6)  Both arguments are directly at odds with controlling law and are frivolous.

**A.**     **Plaintiff's Assertion That The Absolute Privilege Does Not Apply is Incorrect**

Plaintiff first argues that the privilege does not apply here because Ms. Gianchiglia is "an idiot, an incompetent, negligent, or in on the theft." (Opp. at 4)  Putting aside the impropriety of these opinions and accusations, it should go without saying that Plaintiff is wrong.  Under longstanding black-letter law in New York, "a statement made in the course of legal proceedings is absolutely privileged if it is at all pertinent to the litigation." *Lacher v. Engel*, 817 N.Y.S.2d 37, 40 (1st Dep't 2006) (citations omitted).  Because Plaintiff does not dispute that the statements at issue were pertinent to the litigation (nor could he), the testimony cannot be the basis of a defamation claim as a matter of law. *See Lipin v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, 202 F. Supp. 2d 126, 138 (S.D.N.Y. 2002).

2

Plaintiff's only other argument in the face of the absolute privilege is a representation that he will argue for an "extension of existing law." (Opp. at 5) Plaintiff is not seeking an "extension" of anything; he is contending that this Court should abolish an absolute privilege that has stood for more than a century and replace it with a qualified privilege more to his liking. This Court should decline the invitation. Even if it were within the province of a federal court to "extend" New York law, there is no basis for such a radical departure. The absolute privilege has been recognized in New York since at least 1891 and has repeatedly been found to be solidly grounded in legal and policy considerations. Plaintiff offers no legal argument to the contrary. Indeed, he offers no explanation for his position at all. His disagreement with the law, or its application to these facts, does not convert a frivolous claim into one that may properly proceed.

Even without regard to the applicable privilege, Plaintiff has not addressed or disputed the second fatal flaw in his claim: that the trial testimony was indisputably true. Indeed, Plaintiff does not contend otherwise. For this additional, independent reason, his defamation claim is barred. (Defs. Mem. at 6)

**B.     Plaintiff's Attempt to Amend The Complaint to Plead Negligence Should Be Rejected**

Plaintiff finally argues that, even if he cannot state a claim for libel, he should be permitted to file an amended complaint alleging "negligence." (Opp. at 6) His request should be denied.

A negligence claim would have the same deficiencies as a claim of defamation. While Plaintiff offers little explanation of the proposed claim, the only logical conclusion is that he wishes to allege that T-Mobile terminated his employment without conducting a "reasonable

3

investigation."[1]  Such a claim is barred by the "at will" doctrine under New York law, as neither T-Mobile nor any other employer has a duty to conduct a "reasonable investigation" (or any investigation at all) prior to terminating an at-will employee.  *See Brady v. Calyon Sec. (USA) Inc.*, 406 F. Supp. 2d 307, 314 (S.D.N.Y. 2005) ("It is settled law in New York that, absent an agreement establishing a fixed duration, an employment relationship is presumed to be hiring at will, terminable at any time by either party.… Without a formal contract, a plaintiff can not [sic] bring a claim of wrongful discharge based on common-law tort theory.")  (citations and internal marks omitted).  In addition, New York law bars claims of negligence arising out of an employment relationship by operation of workers' compensation preemption.  *See* N.Y. Workers' Comp. Law § 29(6) ("The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee . . . when such employee is injured . . . by the negligence or wrong of another in the same employ.").

Plaintiff has already had a full and fair opportunity to articulate a viable claim based on the facts alleged.  He has failed entirely to do so, and need not receive any further indulgence.  *See Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*, No. 10-CV-4145(KMK), 2012 WL 1852409, at *19  (S.D.N.Y. May 17, 2012) ("given that Plaintiff is represented by counsel, the Court has no obligation to construe his Complaint liberally") (citing *Giovelli v. LA Fitness, Inc.*, No. 10-CV-298, 2010 WL 415289, at *1 (E.D.N.Y. Jan. 28, 2010)).

---

[1] Plaintiff has already stated in correspondence that he is not asserting a claim for malicious prosecution under New York law. (Defs. Mem. at 4 n.3)

**CONCLUSION**

For the foregoing reasons, and for the reasons argued in Defendants' opening Memorandum, Defendants respectfully request that Plaintiff's Complaint be dismissed in its entirety with prejudice.

Dated: New York, NY
September 12, 2012

Respectfully submitted,

SEYFARTH SHAW LLP

By:   /s/ *Robert S. Whitman*
        Robert S. Whitman

620 Eighth Avenue
New York, New York 10018
(212) 218-5500

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2012, I caused the foregoing Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss to be filed electronically with the Clerk of the District Court using the CM/ECF system.  A fax copy was sent to Plaintiff's counsel:

> Michael Drezin Law Office
> Michael Drezin
> 25 Westchester Square
> Bronx, New York  10461
> Fax No.: (718) 822-1022

s/ Robert S. Whitman
Robert S. Whitman