Michael Drezin
Attorney-at-Law

---

25 Westchester Square, The Bronx, New York 10461 Tel: 718.823.7211

October 10, 2012

by fax: 212.805.7986
Hon. Paul G. Gardephe
United States District Court
500 Pearl Street
New York, New York 10007-1312

Dear Judge Gardephe:

      re: Santaniello v. T-Mobile USA, Inc. et al,
      No. 12 CV 5273

  Permission to amend plaintiff's complaint to add a cause of action sounding in negligence for reasons hereinafter stated is requested. The defense has expressed its opposition in papers before the court.

Facts

  Defendants allege plaintiff, while in its employ, stole the sum of money from it. At least six people had access to the funds claimed to be stolen. Two worked for the armored car company, and one person at Chase bank.

  Three were *T-Mobile* store employees who knew the combination to the stores safe, and one of those employees left defendant's employee two days after the purported theft, without notice.

  Of those six, the *only* person known to be investigated, and the only person to be arrested and tried in a competent court of criminal jurisdiction. He was found, not guilty.

  The issue raised by plaintiff's proposed amended complaint does not concern plaintiff's firing.

  Had plaintiff merely been fired, he presumably would secured another salesman's position without the intrusion of an arrest, unemployability, the related anxiety, attorneys fees and loss of income.

The negligence alleged in proposed amended complaint pertains to the *investigation*, not the firing. The "investigation" conducted by Shanna Gianchiglia, (causing plaintiff to be arrested, tried, incur attorneys, anxiety and a loss of income) fell so far short of reasonable as to constitute actionable negligence.

### The Negligence Prima Facie Case

Perhaps the most widely studied definition of negligence is that it is the absence of care according to the circumstances. *Palsgraf v. Long Island* R.R. 248 NY 339. Well settled law holds the prima facie elements in a negligence cause of action are the act, or omission, complained of, a breach of duty, a foreseeable risk of harm, and a harm proximately caused by the act or omission complained of.

A *duty* will be found to exist whenever it conforms to "what people may reasonably expect of one another". *Darby v. Compagnie National Air France* 96NY2d 222, 727 NYS2d 7.

If varying inferences can be drawn from the facts, a determination of forseeability raises a question of fact. *Rivera v. New York City Transit Authority* 77 NY2d 322m 567 NYS2d 629, *Bahan v. Green Bus Lines, Inc.* 96 AD2d 867, 465 NYS2d 784.

Finally, the acts or omissions complained of will result in liability if it were a proximate cause of the injury or damage sustained. *New York State Pattern Jury Instrution* 2:70 defines Proximate Cause this way:

> An act or omission is regarded as a cause of an injury if it was a substantial factor in bringing about the injury, that is, if it had such an effect in producing the injury that reasonable people would regard it as a cause of the injury.

The trier of fact may well conclude defendants were negligent in failing to interview the employee who left, without notice, two days after the alleged theft.

2 of 3

In any event, because the negligence prima facie case raises questions of fact it is not subject to summary adjudication. (See *Sadowski v. Long Island R.R.* 292 NY 448.)

### Amending the Complaint

Plaintiff's proposed amended complaint (pages 4 and 5 herein) offers the facts originally plead and thus at this early state of litigation will not legally prejudice or surprise defendants. It alleges a cause of action sounding in negligience upon defendant's failure to conduct a proper, or even a reasonable investigation.

Rule 15 Amended and Supplemental Pleadings (2) Other Amendments states in significant part that where pleadings cannot be amended as a matter of course within proscribed times, or upon consent, a party may amend his pleading only whith leave of the court and that "The court should freely give leave when justice so requires."

Federal Rules of Civil Procedure, West Publications, with practice commentary by Steven S. Gensler states:

> Liberal amendment policy. It is often stated that the Federal Rules adopt a liberal amendment poliy. This is most event in Rule 15 (a) which provides that, even when court permission is needed for an amendment, the court "should freely give leave when justice so requires." In practices, courts may deny leave to make pretrial amendments under Rule 15 (a) only for good reason, such as futitlity or prejudicial delay.

Very truly yours,

Michael Drezin

cc Mr. Whitman/by fax: 917.344.1258/Drezin fax: 718.822.1022/email: thebronxbar@aol.com